IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WADE RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:08CV4-MEF |
| | ) | (WO) |
| MONTGOMERY COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which the plaintiff contends that his constitutional rights were violated at the Montgomery County Courthouse.  The plaintiff names only the Montgomery County Sheriff's Department as a defendant in this case.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

The Montgomery County Sheriff's Department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983."  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that the plaintiff's claims against the Montgomery County Sheriff's Department are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this

case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before February 6, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of January, 2008.

                                                /s/Charles S. Coody
                                                CHARLES S. COODY
                                                CHIEF UNITED STATES MAGISTRATE JUDGE